UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
ALBERT LEWIS,                                              :

              Plaintiff,               : 16 Civ. 251 (AJN) (GWG)

    -v.-                                                        : REPORT AND RECOMMENDATION

JOHN DOE CORRECTIONAL OFFICER;     :
JOHN DOE CORRECTIONAL OFFICER;
JOHN DOE SHIFT CAPTAIN; JOHN DOE  :
MEDICAL DOCTOR; JANE DOE
MEDICAL RN, HEAD NURSE, ET AL.        :
SUED IN THEIR INDIVIDUAL
CAPACITIES,                                                  :

              Defendants.           :
---------------------------------------------------------------X

**GABRIEL W. GORENSTEIN, UNITED STATES MAGISTRATE JUDGE**

      Albert Lewis, proceeding pro se, brings this action pursuant to 42 U.S.C. § 1983 against employees of the New York State Department of Corrections.  See Amended Complaint, dated Jan. 30, 2016 (Docket # 8).  At the time of the filing, Lewis was detained on Rikers Island.  See id.  The Court has had no communication from Lewis since he filed his amended complaint on February 10, 2016.  A court record dated June 17, 2016, reflects that the database for the New York City Department of Corrections showed that Lewis was no longer in custody.  On June 28, 2016, a mailing sent to Lewis at Rikers Island on June 17, 2016, was returned as undeliverable because Lewis had been "discharged."  See Docket Entry dated June 28, 2016.  As of the date of this writing, the online prisoner database for Rikers Island still shows that Lewis is not in custody.  A search of the online database for New York State correctional facilities reflects that there is currently no one named Albert Lewis in custody.

      A docket entry indicates that Lewis was sent an information packet on January 29, 2016. See Docket Entry dated Jan. 29, 2016.  The Clerk's Office reports that the packet Lewis was sent

included a cover letter that instructs pro se litigants as follows:

> **If your contact information changes, it is your responsibility to notify the court in writing**, even if you are incarcerated and transferred to another facility or released from custody. . . . Your case could be dismissed if you do not notify the court of an address change.

Additionally, the docket sheet indicates that "change of address postcards" were in fact sent to plaintiff. See Docket Entry dated Jan. 29, 2016. Despite these instructions, Lewis has failed to provide the Court with a new address. Therefore, there is no way for the Court to contact Lewis.

I.      DISCUSSION

Federal Rule of Civil Procedure 41(b) provides, in relevant part, "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." While the text of Rule 41(b) addresses only the situation in which a defendant moves for dismissal, "it is unquestioned that Rule 41(b) also gives the district court authority to dismiss a plaintiff's case sua sponte for failure to prosecute." LeSane v. Hall's Sec. Analyst, Inc., 239 F.3d 206, 209 (2d Cir. 2001) (citing Link v. Wabash R.R. Co., 370 U.S. 626, 630-31 (1962) ("The authority of a court to dismiss sua sponte for lack of prosecution has generally been considered an 'inherent power,' governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases.")). Unless the court specifies otherwise, Rule 41(b) provides that dismissal "operates as an adjudication on the merits."

While courts typically apply a number of factors in evaluating the propriety of a dismissal for failure to prosecute, see Martens v. Thomann, 273 F.3d 159, 180 (2d Cir. 2001), it is sufficient here to say that this case cannot proceed without Lewis's participation, and he has provided no method by which the Court can inform him of his obligations in this case or its outcome. It has been at least a month since Lewis was discharged from Rikers Island, and the

Court has had no word from him since then.  Courts have repeatedly recognized that dismissal for failure to prosecute is appropriate where a plaintiff effectively disappears by failing to provide a current address at which he or she can be reached.  See, e.g., Smith v. Corizon Health Servs., 2016 WL 3365320, at *2 (S.D.N.Y. June 15, 2016); Austin v. Lynch, 2011 WL 5924378, at *2, adopted by 2011 WL 6399622 (S.D.N.Y. Dec. 20, 2011); Abreu-Guzman v. Lempke, 2011 WL 4862959, at *2 (S.D.N.Y. Oct. 13, 2011); Grace v. New York, 2010 WL 3489574, at *2, adopted by 2010 WL 4026060 (S.D.N.Y. Oct. 14, 2010); Coleman v. Doe, 2006 WL 2357846, at *2-3 (E.D.N.Y. Aug. 14, 2006); Dong v. United States, 2004 WL 385117, at *3 (S.D.N.Y. Mar. 2, 2004); Ortiz v. United States, 2002 WL 1492115, at *2 (S.D.N.Y. July 11, 2002); Hibbert v. Apfel, 2000 WL 977683, at *2-3 (S.D.N.Y. July 17, 2000).

II.     CONCLUSION

For the foregoing reasons, this case should be dismissed pursuant to Fed. R. Civ. P. 41(b)

### PROCEDURE FOR FILING OBJECTIONS TO THIS REPORT AND RECOMMENDATION

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties have fourteen (14) days including weekends and holidays from service of this Report and Recommendation to serve and file any objections.  See also Fed. R. Civ. P. 6(a), (b), (d).  Such objections (and any responses to objections) shall be filed with the Clerk of the Court, with copies sent to the Hon. Alison J. Nathan at 40 Foley Square, New York, New York 10007.  Any request for an extension of time to file objections must be directed to Judge Nathan. If a party fails to file timely objections, that party will not be permitted to raise any objections to this Report and Recommendation on appeal.  See Thomas v. Arn, 474 U.S. 140 (1985); Wagner & Wagner, LLP v. Atkinson, Haskins, Nellis, Brittingham, Gladd & Carwile, P.C., 596 F.3d 84, 92 (2d Cir. 2010).

Dated: July 22, 2016
      New York, New York

 

GABRIEL W. GORENSTEIN
United States Magistrate Judge